[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 5, 2008
THOMAS K. KAHN
CLERK

No. 07-15532
Non-Argument Calendar

_____

D. C. Docket No. 06-00461-CV-J-25-JRK

WILLIAM SANTACROSE,

Plaintiff-Appellant,

versus

CSX TRANSPORTATION, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 5, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

William Santacrose, who suffers from a back injury that generally prevents him from sitting for more than eight consecutive hours, appeals the district court's grant of summary judgment for his employer, CSX Transportation (CSX), on his claims of disability discrimination and retaliation, brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and Rehabilitation Act, 29 U.S.C. § 701. After carefully reviewing the record, considering briefing from the parties, and for the reasons that follow, we affirm.

I

We review the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party. *Lowe v. Ala. Power Co.*, 244 F.3d 1305, 1307 (11th Cir. 2001). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

II

Discrimination actions brought under the Rehabilitation Act are governed by the same standards used in ADA cases. *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000). To establish a *prima facie* case of employment discrimination under the ADA, Santacrose must show (1) he has a disability; (2) he is a "qualified

individual," which is to say, able to perform the essential functions of the employment position with or without reasonable accommodation; and (3) CSX discriminated against him because of his disability. *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). With regard to the third prong, a qualified individual is discriminated against when his employer fails to reasonably accommodate his disability. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1236 (11th Cir. 2005).

Until August 2004, CSX's medical department had approved a work restriction for Santacrose under which he was not required to work more than eight hours per day unless he felt capable of doing so. In response to a letter from Santacrose's medical provider requesting that CSX renew the work restriction, CSX notified Santacrose it could no longer allow the requested restriction. From the end of August 2004 until September 2005, Santacrose did not work any overtime that he had not volunteered to work, and when he was unable to work required overtime, he excused himself by taking unpaid sick leave. In September 2005, CSX approved Santacrose for intermittent FMLA leave, which he has since used when he has been incapable of working required overtime.

As the district court correctly concluded, CSX reasonably accommodated Santacrose's disability by allowing him to use his company sick leave and FMLA

3

leave to avoid working overtime shifts. While Santacrose was not given the precise accommodation he requested (an eight-hour restriction), a qualified individual with a disability is not entitled to the accommodation of his choice, but only to a reasonable accommodation. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285-86 (11th Cir. 1997). Though Santacrose wanted to avoid overtime without having to use his company sick leave or FMLA leave, CSX was not obligated to fulfill this specific request, so long as it provided him with a reasonable accommodation. Santacrose's own testimony indicated he was allowed to avoid working overtime and maintain an eight-hour restriction by using his leave. Neither Santacrose's company sick leave nor his FMLA leave has been wholly diminished by his using leave time to excuse himself from overtime. Moreover, Santacrose has never been disciplined for failing to work overtime shifts or using his leave time in lieu of working overtime. Because CSX's accommodation of Santacrose's disability is reasonable, the district court did not err in granting summary judgment to CSX as to Santacrose's discrimination claims under the ADA and Rehabilitation Act.

III

Santacrose contends CSX never moved for summary judgment on his retaliation claim and the district court did not rule substantively on the claim,

despite its grant of summary judgment as to all of his claims. Because the record supports the district court's grant of summary judgment as to Santacrose's retaliation claim, we find no error. Santacrose claims CSX has retaliated against him for his requesting an accommodation by continually failing to reasonably accommodate him. This retaliation claim fails because it merely reclothes Santacrose's ADA discrimination claim, which we have already rejected. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001). To the extent Santacrose alleges some other adverse employment action was taken in retaliation for his requesting an accommodation, his retaliation claim still fails due to his testimony that he suffered no tangible, negative effect on his employment as a result of his accommodation request, but instead was simply "stressed out" because he did not want to use his FMLA leave. The district court did not err in granting summary judgment to CSX on Santacrose's retaliation claim.

**AFFIRMED**.

5